1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH EDWARD BERRY,

                    Petitioner,

        v.

MAGGIE MILLER-STOUT,

                    Respondent.

CASE NO. C13-5149 RBL/KLS

ORDER DENYING MOTION TO
AMEND

12      Before the Court is Petitioner Keith Edward Berry's Motion to Amend Petition for Writ

13  of Habeas Corpus.  ECF No. 14.  Respondent opposes the motion.  ECF No. 16.  Having

14  carefully reviewed the motion, opposition, and balance of the record, the Court finds that the

15  motion should be denied.

16      Mr. Berry filed his federal habeas petition on March 3, 2013.  The petition raises three

17  claims:  (1) denial of a subpoena for telephone records; (2) speedy trial violation; and (3)

18  incorrect offender score.  ECF No. 5, at 5-8.  Respondent answered the petition.  ECF No. 12.

19      Because Respondent has answered the petition, Mr. Berry may amend the petition only

20  by leave of the Court.  Fed.R.Civ.P. 15(a).  Although leave to amend is generally freely given,

21  the decision to grant a motion to amend is within the discretion of the Court.  *Foman v. Davis*,

22  371 U.S. 178, 182 (1962); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2nd Cir. 1993).

23  The Court may deny the motion where the proposed amendment is frivolous or advances a claim

24  that is legally insufficient on its face.  *Smith v. Finance Center*, 555 F.2d 234 (9th Cir. 1977);

ORDER DENYING MOTION TO AMEND- 1

1  *Sooner Prods. Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983).  The Court may deny leave to

2  amend where the proposed amendment is futile or unlikely to be productive.  *Ruffolo*, 987 F.2d

3  at 131; *Hutsell v. Sayre*, 5 F.3d 996, 1006 (6th Cir. 1993).

4          Mr. Berry has not submitted a proposed amended complaint for the Court's review.  He

5  argues in his motion, however, that his right to a speedy trial was violated and that he is entitled

6  to dismissal of all charges and "money damages."  ECF No. 14, at 1-3.  Mr. Berry's original

7  petition raises a speedy trial claim.  ECF No. 5.  In addition, damages is not a proper remedy

8  under 28 U.S.C. § 2254.  The only remedy under 28 U.S.C. § 2254 is a writ that relieves the

9  petitioner from custody.

10         Accordingly, the motion to amend is **DENIED.**

11         **DATED** this 3rd day of June, 2013.


13                                                     Karen L. Strombom
                                                       United States Magistrate Judge